**UNITED STATES of America,**
**Appellee,**

v.

**Roland Bobby REDFIELD, Appellant.**

**No. 12266.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1968.

Decided Oct. 17, 1968.

Raymond D. Clark, Arlington, Va., (Court-appointed counsel), for appellant.

John D. Schmidtlein, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

Roland B. Redfield was convicted of obtaining marijuana without paying a transfer tax in violation of 26 U.S.C. § 4744(a) (1) while he was an inmate at Lorton Reformatory. The district court allowed a warden to testify that when Redfield was questioned at a prison disciplinary hearing he admitted ownership of the marijuana. In this appeal we do not pass upon the disciplinary board's use of Redfield's admission. Our inquiry is limited to the admissibility of the incriminating statement in Redfield's criminal trial. Before he was questioned, Redfield was not cautioned of his right to be silent and his right to counsel, as prescribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), decided after Redfield's trial, applied *Miranda* to the questioning of a person in prison for a crime that was not connected with the tax delinquencies under investigation. The role of Redfield's interrogator did not differ significantly from that of the internal revenue agent in *Mathis*. In both instances the immediate objective of the officials was not to obtain evidence for use in criminal trials. Only later did the government decide to use the defendant's self-incriminatory answers in prosecutions under the revenue laws. For these reasons we believe *Mathis* requires the exclusion of Redfield's admission. Redfield's other contentions are without merit.

The judgment is vacated, and the case is remanded for a new trial.