### 27145.   MOORE v. CALDWELL.

GRICE, Presiding Justice. The appellant, who pled guilty to rape and was sentenced to ten years confinement, contends in his petition that with all earned good-time and extra good-time he would have completed such sentence prior to the filing of his petition.

He alleged that the Administrative Disciplinary Committee of the prison found that he was guilty of being in an unauthorized place and of sodomy, and consequently his

earned statutory good-time and extra good-time were forfeited pursuant to *Code Ann.* § 77-320 which provides in material part that ". . . all statutory and extra good-time allowance earned up to the time of the offense shall be forfeited for . . . sodomy . . ."

He also alleged that the forfeiture proceedings were in violation of the due process provisions of the State and Federal Constitutions in that he was denied numerous stated rights and procedures.

Upon the habeas corpus hearing the evidence was conflicting in some particulars.

However, the habeas corpus court found that the petitioner was given notice of the charges against him; that upon the hearing they were read to him; that he was given an opportunity to ask about them but made no effort to call any witnesses; and that after hearing testimony of a custodial officer and that of appellant the Administrative Disciplinary Committee was authorized to find that he had committed sodomy; and that the foregoing procedure was neither arbitrary nor capricious, and met the requirements of due process of law. We agree.

Therefore the judgment denying the writ of habeas corpus and remanding him to the custody of the respondent warden was proper.

*Judgment affirmed. All the Justices concur.*
Submitted April 10, 1972—Decided May 3, 1972.

*Hester & Hester, Frank B. Hester,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.