## 49227. SMITH v. THE STATE.

DEEN, Judge.

This conviction for burglary and aggravated assault depends in large measure on the testimony of two eyewitnesses and admission of the defendant that he was the person in the house at the time. The state, after introducing testimony of an investigator in the sheriff's department that he was informed of his rights to remain silent, to have an attorney, to have counsel provided if

indigent, and his liability to have statements used against him in court, stated that after some further conversation the defendant admitted the manner of forcing his way into the house, described the clothing worn by the prosecutrix and his direction of travel on leaving, and also admitted that he was starting to have relations with her when the husband arrived. The defendant admitted making certain statements which he swore were the result of physical coercion. No objections were made to testimony and no requests to charge.

1. Where a confession is *challenged*, as by objection to its introduction in evidence, a separate hearing on the question of voluntariness must be held before the trial judge (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205)), but where no challenge is made or ruling invoked, there is no requirement for such a hearing. Pinto v. Pierce, 389 U. S. 31 (88 SC 192, 19 LE2d 31); *Strickland v. State,* 226 Ga. 750 (177 SE2d 238); *Watson v. State,* 227 Ga. 698 (182 SE2d 446). *Hilliard v. State,* 128 Ga. App. 157 (195 SE2d 772) is distinguishable in that in that case there was a motion to strike the testimony regarding the confession.

2. The court charged at some length on the elements of a confession and the necessity of voluntariness and corroboration. He added: "If you find that a confession was made, but that it was not made voluntarily, or that it was induced by another by the slightest hope of benefit or the most remote fear of injury, the jury should not give it any consideration whatever." An instruction was approved in *Lemons v. State,* 124 Ga. App. 121, 124 (183 SE2d 30) where the court charged that a determination must be made as to whether the defendant had been accorded his constitutional rights, and that before accepting the confession the jurors must determine that the defendant had been properly warned of his rights, and that it had been freely and voluntarily made. Such a charge is always recommended. However, under the circumstances here, where the issue was squarely made by the testimony and submitted to the jury that the voluntariness of the statements made by the defendant was in issue, and where no attack was in fact made upon the admission of the testimony involved and

no further instructions were requested, and the issue of the existence or nonexistence of the "Miranda warnings" was not raised before the trial court, we approve the instructions as given.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

SUBMITTED APRIL 3, 1974 — DECIDED APRIL 17, 1974.

*O. L. Collins,* for appellant.

*Richard E. Allen, District Attorney, J. Bacheller Flythe,* for appellee.