### 29175. MINCEY v. HOPPER.

SUBMITTED FEBRUARY 6, 1974 — DECIDED NOVEMBER 26, 1974 —
REHEARING DENIED DECEMBER 17, 1974.

Woodrow Kenneth Mincey, *pro se.*
*Arthur K. Bolton, Attorney General, David L. G.
King, Jr., Assistant Attorney General,* for appellee.

GRICE, Chief Justice.

Woodrow Kenneth Mincey appeals from the denial of
a part of the relief sought in his post conviction habeas
corpus petition filed in the Superior Court of Tattnall
County against the Warden of the Georgia State Prison.

The petition alleged that his sentence for robbery
entered on June 22, 1964, was illegal because it was not
definite as to the number of years to be served; that a
sentence of 3 years entered on September 16, 1969, should
run concurrently with his former sentence; and that there
has been an illegal forfeiture of his statutory and extra
good time allowance.

The habeas corpus judge granted the relief prayed of
requiring the two sentences to run concurrently, and
denied the other relief. The appellant in his brief in this
court has abandoned his contention that his 1964
sentence is illegal for indefiniteness. This leaves only one
issue before this court, whether his good time allowances
were illegally forfeited.

The evidence showed that 28 months and 12 days
good time and extra good time allowance were taken from
the appellant by the Director of Corrections following a
report by the Warden of Wayne County Correctional
Institution that the appellant had escaped on June 22,
1970. The other incident of taking good time allowance
from the appellant was because of his refusal to work in
Ware Correctional Institution on January 30, 1973. The

appellant testified that this work stoppage was because of freezing weather.

■ The appellant contends that the Board of Corrections (in 1970) did not have the right to forfeit his good time allowances on the allegations of the prison officials that he had escaped, since he had never been tried for the statutory offense of escape (Ga. L. 1968, pp. 1249, 1312; Code Ann. § 26-2501) in a court of law.

The statute authorizing good time allowances for felony prisoners provides that all allowance earned up to the time of an escape shall be forfeited. Ga. L. 1956, pp. 161, 178; 1961, pp. 127, 128; 1964, pp. 495, 496; 1968, pp. 1399, 1404 (Code Ann. § 77-320 (c)). The appellant's forfeiture punishment was imposed under this statute. Punishment under this statute is executive punishment and does not prevent a prosecution for the same offense in a court of law. *Carruth v. Ault,* 231 Ga. 547 (203 SE2d 158).

Therefore, there is no merit in the appellant's contention that his good time allowance could not be forfeited because of his escape without his trial in a court of law for the crime of escape.

■ The appellant contends that he was not accorded due process of law in the forfeiture of his good time allowances because he was not given reasonable notice of the charges, full opportunity to present evidence in his behalf, a right to cross examine witnesses, and a right to employ counsel.

In Wolff v. McDonnell, 418 U. S. (94 SC 2963, 41 LE2d 935), the Supreme Court of the United States considered the question of due process in the deprivation of good time allowances as a disciplinary measure in state prisons. It was held that not all of the procedural rules applicable to parolees or probationers must be applied to prison inmates, but that prison inmates must be given written notice of the charges against them at least 24 hours before their appearance before the committee determining their guilt; that there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; and that the inmates should be allowed to call witnesses and present documentary evidence in their defense if permitting them

to do so will not jeopardize institutional safety or correctional goals. It was further held that the inmates have no constitutional right to confrontation and cross examination in prison disciplinary proceedings, this right being discretionary with the prison officials; and that inmates have no right to retained or appointed counsel in such proceedings, although substitute counsel should be provided in certain cases.

It was expressly held, in Wolff v. McDonnell, supra, that the procedural rules therein announced affecting inquiries into infractions of prison discipline are not retroactive. That case was decided June 26, 1974. The rules, therefore, do not apply to the forfeiture of good time allowance complained of by the appellant.

The habeas corpus judge determined that the appellant had not shown that his earned statutory and extra good time were forfeited by procedures before the administrative disciplinary committee which were arbitrary, capricious, and which did not meet the requirements of due process of law. The evidence supports this finding, and there was no error in refusing to require that the appellant's good time allowances be restored.

*Judgment affirmed. All the Justices concur.*