## 31644. STORY v. AULT.

INGRAM, Justice.

Appellant, a prisoner at the State Prison in Reidsville, Georgia, sought a writ of mandamus in Fulton Superior Court to require the respondent to restore appellant's statutory and earned good time (see Code Ann. § 77-320) which had been forfeited by the Corrections Department. The trial court denied relief and appellant contends this was error as his good time was taken in contravention of the standards set out in Wolff v. McDonnell, 418 U. S. 538 (94 SC 2963, 41 LE2d 935) (1974), and *Mincey v. Hopper,* 233 Ga. 378 (211 SE2d 283) (1974). We find no merit in this contention and affirm the trial court.

The trial judge considered this case twice, once at a

hearing on appellant's initial application and later on a motion for rehearing by appellant. Appellant's application was first dismissed on the condition that a hearing be held by the Department of Corrections for appellant in conformance with Wolff. The department complied with this order and denied any relief to appellant. Appellant asked the trial court for a rehearing. On rehearing, the trial judge found the following facts: On September 22, 1974, while serving a 10-year sentence for armed robbery, appellant escaped from the Tift County Correctional Institution and was recaptured the same day. On September 30, 1974, the department forfeited all of the good time accumulated by appellant to the date of the escape. This action was taken after the Wolff decision and did not comply with its standards because appellant was not afforded an administrative hearing. On April 12, 1976, appellant was given an administrative disciplinary hearing concerning his 1974 escape. He was served with written notice of the charge five days before the hearing. Appellant was represented by a correctional counselor and was given the opportunity to present a defense. Appellant stood mute after stating that the hearing was illegal. The disciplinary committee found appellant guilty of the escape based on prison escape and recapture records. His good time was recommended to be forfeited. The committee filed a written record of the hearing which was approved by the department.

The trial judge concluded on these facts that appellant failed to show a right to mandamus because the hearing comported with the law. We reach the same conclusion in affirming the denial of mandamus. Wolff v. McDonnell, supra, at pp. 563-570, requires, as constitutional minimums, the following procedures where an inmate's good time is forfeited: (1) a hearing; (2) written notice of the charges served at least 24 hours in advance of the hearing; (3) a written report of the hearing setting out the reasons for the action taken and the evidence relied on. The prisoner may be permitted to call witnesses and present evidence consistent with the needs of the institution. There is no constitutional right to confrontation, cross examination, or counsel. See also *Mincey v. Hopper,* supra. The transcript in this appeal

shows that appellant's hearing complied with these requirements.

However, appellant argues that his hearing was illegal because it was held 19 months after his 1974 escape and because his good time had not been reinstated prior to the hearing. These arguments are not meritorious. Wolff v. McDonnell, supra, requires only that the hearing be held before final disciplinary action is taken and final forfeiture occurs. 418 U. S. at 557-558. Implicit in the trial court's order requiring an administrative hearing is the ruling that appellant's good time could not be finally taken absent a proper hearing. Additionally, appellant has not shown how the delay prejudiced his rights. At the hearing he presented no defense, failed to supply the names of any witnesses, and did not state what he would have shown if the hearing had been held earlier. Nor has appellant responded to these issues in any of his subsequent motions or briefs, even though requested to do so by the trial judge. In our opinion, these enumerations of error are without merit.

Finally, appellant contends that since he was not tried for the statutory offense of escape in the courts, he cannot be found guilty by the Department of Corrections. This contention is without merit. *Mincey v. Hopper,* 233 Ga. 378, 380, supra. See also *Moore v. Caldwell,* 229 Ga. 129 (189 SE2d 402) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1976 — DECIDED DECEMBER 1, 1976.

John T. Story, *pro se.*

*Arthur K. Bolton, Attorney General, John R. Strothers, Jr., Harrison Kohler, Assistant Attorneys General,* for appellee.