### 31703. HORNE v. HOPPER.

INGRAM, Justice.

Mitchell Horne, an inmate at Georgia State Prison, appeals the denial of habeas corpus relief to him by the Superior Court of Tattnall County. In this appeal he contends that the constitutional prohibition against double jeopardy was violated when he was subjected to criminal prosecution for escape after administrative punishment was imposed for the same act. He also complains that the habeas proceedings in the trial court

were fundamentally unfair to him. We find no error and, therefore, affirm the judgment of the trial court.

Appellant is serving a 10-year sentence for burglary, which was imposed in 1971. In 1974, and again in 1975, appellant escaped from confinement. Each time, appellant pleaded guilty at his trial and was sentenced to a one-year prison term. Both of these one-year sentences were to be served consecutively with the burglary sentence. Additionally, the prison authorities forfeited appellant's good time and imposed lesser administrative sanctions after each escape.

The imposition of criminal punishment and administrative punishment for the same act does not constitute a violation of the double jeopardy prohibition. *Carruth v. Ault,* 231 Ga. 547 (203 SE2d 158) (1974). See also *Story v. Ault,* 238 Ga. 69, and *Mincey v. Hopper,* 233 Ga. 378 (211 SE2d 283) (1974). Appellant also argues that the imposition of administrative sanctions violated Code Ann. § 26-9902 (Rev. 1972). However, we conclude that Code Ann. § 26-9902 does not limit the imposition of administrative punishment for escape. This enumeration of error is without merit.

Appellant also contends that the habeas corpus hearing was fundamentally unfair. This argument is without merit as the hearing transcript contradicts appellant's contention.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 19, 1976 — DECIDED JANUARY 4, 1977.

Mitchell H. Horne, *pro se.*

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.