No. 13876

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RONALD HARRIS,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellant:

Byron W. Boggs argued, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena
Dennis Dunphy, Intern, Office of Attorney General,
 argued, Helena, Montana
Sheri K. Sprigg, Assistant Attorney General, argued,
 Helena, Montana

---

Submitted: January 25, 1978

Decided: MAR 13 1978

Filed: MAR 13 1978

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On March 8, 1977, Ronald Harris, an inmate of Montana state prison, was convicted by jury verdict for the crime of possession of a weapon by a prisoner, a felony in violation of section 94-8-213, R.C.M. 1947. The District Court, Powell County, subsequently sentenced Harris to a term of five years in the Montana state prison, such term to be served consecutive to the sentence Harris is now serving. Harris appeals from the judgment of conviction on the grounds the District Court erred in denying his motion to suppress and in admitting into evidence at his criminal trial incriminating statements made by Harris at an earlier disciplinary hearing conducted at Montana state prison.

On August 7, 1976, prison officials at Montana state prison discovered a handmade steel knife in a cell shared by Harris and another prisoner, John Hendricks. The knife had been concealed in a hollowed out portion of the wooden frame of a mirror. The mirror is supplied to inmates by the prison as part of the standard furnishings of each cell. Upon discovery of the knife, Harris and Hendricks were removed to the maximum security unit and charged for violating the Montana State Prison Inmate Rules and Guidelines, specifically Rule No. 215--"Possession or introduction of a gun, firearm, weapon, sharpened instrument, knife or unauthorized tool."

In compliance with the Inmate Rules and Guidelines, prison disciplinary hearings were scheduled for August 12, 1976. Harris and Hendricks were provided an inmate "lay-advisor" of their choice who assisted them in preparation for the disciplinary hearing. Hendricks' disciplinary

hearing was conducted first and Harris appeared as a witness. In response to questions posed by the inmate lay-advisor, Harris made statements tending to admit his possession of the knife. Following Harris' admissions, the disciplinary hearing was adjourned. Harris was given his Miranda rights for the first time and removed to the maximum security unit of the prison.

On August 26, 1976, the county attorney for Powell County filed an Information charging Harris and Hendricks with violation of section 94-8-213, R.C.M. 1947. Charges against Hendricks were subsequently dismissed. Harris entered a plea of not guilty and moved the District Court to suppress those statements made by Harris at the prison disciplinary hearing. Harris' motion to suppress was denied and the District Court allowed the prosecution to introduce evidence of statements made by Harris at the disciplinary hearing. Subsequent to introduction of the evidence, defense counsel entered a motion to strike, which was also denied by the District Court.

In this appeal, we will not consider the issue of the prison disciplinary committee's use of Harris' admission. Our inquiry is limited to the admissibility of the incriminating statements at Harris' criminal trial. Harris contends the introduction into evidence at his criminal trial of incriminating statements made by him when a witness at the prison disciplinary hearing, without a caution of his right to remain silent and his right to legal counsel, violated the constitutional privilege against self-incrimination guaranteed by the Fifth Amendment, United States Constitution. Miranda v. Arizona, (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L ed 2d 694; Mathis v. United States, (1968), 391 U.S. 1, 88

-3-

S.Ct. 1503, 20 L ed 2d 381; United States v. Redfield, (4th Cir. 1968), 402 F.2d 454. *Miranda*, *Mathis* and *Redfield* required the exclusion of a defendant's admission where the immediate objective of the officials was not to obtain evidence for use in criminal trials, but later it was decided to use the defendant's self-incriminating answers in prosecutions.

We conclude such authority is controlling over the facts of this case, even though the incriminating statements were in response to the questions of the inmate lay-advisor and not a prison official. The prison disciplinary hearing was conducted by prison officials for the purpose of ascertaining inmate responsibility for prison offenses punishable under the Inmate Rules and Guidelines. No notice of potential criminal prosecution was announced to Harris until after he uttered the incriminating statements at Hendricks' disciplinary hearing. The constitutional guarantees of the Fifth Amendment, as announced in *Miranda*, *Mathis* and *Redfield*, cannot be subverted under the guise Harris knowingly and voluntarily uttered the incriminating statements.

Further, the Montana State Prison Inmate Rules and Guidelines specifically protect against the very procedures which occurred in the present case:

> "SECTION D
> "RULES OF INMATE OFFENSES
>
> " * * *
>
> "D-II.  Application and Prosecution Thereunder
>
>> " * * *
>>
>> "2.  Whenever a misdemeanor or felony is alleged to have been committed:
>>
>> "a.  It will be the duty of the Warden or his designate to report any violation of a federal, state or local law to applicable law enforcement authorities.

"b. After a violation of this nature has been reported to law enforcement authorities, the inmate shall not be questioned about the incident until after it has been determined that no prosecution will occur or until a findings of guilt is made.

"c. If a violation has been reported to law enforcement authorities, no institutional charges pertaining to the same charge shall be filed against the inmate until completion of the investigation and prosecution, if any, or if prosecuted, until the inmate has been found guilty of the charge."

Since our holding is controlled by the above discussion, those issues raised by defendant which challenge the jury instructions need not be considered.

The judgment of conviction is vacated and the case dismissed.

_____
                Justice

We Concur:

_____
        Acting Chief Justice

_____

_____
        Justices

Mr. Justice John Conway Harrison dissenting:

I dissent to the opinion and would affirm the District Court.

_____
                Justice

-5-