## 59069. GRANT v. THE STATE.

BIRDSONG, Judge.

Eddie Grant, an inmate at Lowndes Correctional Institution, was convicted of possession of a deadly weapon while in confinement. He brings this appeal, enumerating two errors. *Held:*

Our disposition of the first enumeration of error is conclusive of this appeal. The evidence shows that a shakedown inspection of inmate lockers exposed a piece of steel fashioned into a knife in Grant's locker. The following day Grant was placed before a disciplinary board accused of wrongfully possessing contraband (a knife). He was asked, without benefit of any warning as to potential incrimination, whether he wished to plead guilty or not guilty, to which question Grant replied he was "guilty." Subsequently, this "plea" was admitted in the form of a confession, but over objection, at a trial for the offense of possession of a deadly weapon by a prisoner. At that trial Grant entered a plea of not guilty.

Grant contends that the "plea of guilty" at the disciplinary hearing was inadmissible at the subsequent criminal trial in the absence of a Miranda warning at the disciplinary hearing.

We agree and reverse. A disciplinary hearing while incarcerated in a state correctional institution is a custodial hearing which requires an appropriate warning of the right against self-incrimination before any statements made are admissible against the speaker in a subsequent criminal proceeding for those same criminal acts (in the absence of waiver).

In *Biddy v. State,* 127 Ga. App. 212 (193 SE2d 31), this court held that questioning an inmate, whether by peace officers or prison official, where the thrust and purpose of the interrogation relates to a suspected crime for which criminal prosecution might insue, is a custodial hearing, and requires a Miranda warning, in order to render any statements made therein admissible in a subsequent hearing. A similar case is found in Sands v. Wainwright (Fla.), 357 FSupp. 1062, where a prison inmate committed a prison infraction and faced disciplinary punishment. This infraction also constituted a crime. The district court held absent any Miranda warnings the statement made by the inmate at the disciplinary hearing could not

be used affirmatively by the prosecution in a subsequent criminal trial. See also Mathis v. United States, 391 U. S. 1 (88 SC 1503, 20 LE2d 381), a case involving an inmate being questioned by an Internal Revenue agent concerning his income tax return. To similar effect, see also United States v. Redfield, 402 F2d 454.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED MAY 29, 1980.

*Barry R. Chapman*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.