### 62458. SPICER v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of armed robbery and sentenced to serve a term of 20 years. His motion for new trial was filed, amended and after a hearing, denied. Defendant appeals. *Held:*

The evidence submitted by the state disclosed that an armed robbery occurred at a convenience store. Thereafter, following a high speed chase, the truck driven by the defendant was wrecked. Defendant thereafter made certain oral admissions which were taped and the transcript of the conversation was read to the jury disclosing that the defendant was 16 years of age; that he and another, both armed with guns, obtained the money and fled; and after seeing a state patrol car they wrecked the truck on a wet road when they approached a railroad crossing with a train thereon and attempted to stop. During the trial the defendant admitted the robbery but his defense was that of coercion by reason of the fact that he was a juvenile who was on drugs and had borrowed money from an adult man to feed his drug habit and this man forced him to perform the robbery. On cross-examination his testimony was that he was instructed as to how to rob the store and get a package which was supposed to be directly under the cash register, that he thought the person running the store was involved. In answer to what he had been told about the shotgun used in the robbery he answered that he had been told that it was stolen, "that the person we got it from didn't steal it and it was used in a previous . . ." at which time objection was made to the relevancy of the questions and that the state was attempting to deprive the defendant of a fair trial by going into another charge involving robbery in another county. The state contended, however, that the defense of coercion allowed an examination of the defendant as to whether or not he was involved in another crime in another county at another time. Since the defendant was under cross-examination the court refused to sustain the objection as to relevancy and allowed the state to proceed. Subsequent examination developed that the gun was used "in another charge in another county." In reply to against whom, the

defendant answered, "Myself." As to whether he knew who the victim was, he said, "Yes, sir, I do." The defendant was further asked, "who was that?" However, before the defendant could answer, the jury was excused and defense counsel moved for mistrial contending the state was attempting to elicit commission of another armed robbery by this defendant who was being forced to defend himself in regard to an additional crime, and his character was thereby being placed in evidence. Upon the return of the jury, the trial court instructed the jurors to totally disregard the questions and answers with reference to some other event in some other county which had nothing to do with this case now on trial and for the members of the jury to totally disregard those questions and those answers "and the State's counsel . . . is rebuked for asking the questions."

The sole basis for appeal here is that the trial court erred in allowing the state's counsel over objection to question the defendant regarding his alleged participation in an unrelated crime for which he had not been indicted or convicted. However, it is noted that when this issue first appeared during the trial the objection was that the testimony being offered was irrelevant, the state attempting to cross-examine him with reference to the alleged coercion in the admission of the crime. At the time the defendant moved for a mistrial, the jury was instructed to disregard any questions and answers with reference to commission of another crime and state's counsel was rebuked with reference thereto. The defendant's testimony was that the weapon had been used "in another charge, in another county," and against whom his answer was "Myself." He stated he knew who the victim was, however he was prevented from identifying the victim. At this point during the trial we do not find that the defendant's character had been placed in issue. Under the circumstances the court, as required by Code § 81-1009, properly rebuked counsel and by all needful and proper instructions endeavored to remove any improper impressions from the minds of the jury by instructing them to disregard this line of questioning and answers. We find no reversible error here. See *Moore v. State,* 228 Ga. 662, 665 (4) (187 SE2d 277). Compare *O'Neal v. State,* 239 Ga. 532, 533, 534 (238 SE2d 73); *Darden v. State,* 236 Ga. 897 (2) (225 SE2d 904). "The testimony did not clearly place defendant's character in issue as it was ambiguously incomplete." *Jackson v. State,* 156 Ga. App. 255 (2) (274 SE2d 665).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 6, 1981.

*W. Benjamin Ballenger,* for appellant.
*David L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.