## 39155. ANDERSON v. THE STATE.

BELL, Justice.

On October 13, 1981, Anderson pled guilty to and was sentenced on three counts of escape. He received 5 years to serve on one escape and 5 years to serve concurrently with the first sentence for the other two escapes. Prior to this criminal punishment, he received administrative punishments for each escape which forfeited a certain number of days of his good time and added a certain number of days to his parole eligibility date. Though not introduced into the record, he alleges that the days forfeited and added amount to 2 years, 4 months, and 2 days. Anderson appeals from the October 13, 1981 sentence, and we affirm.

He contends that the trial court violated the double jeopardy

prohibition against multiple punishments by sentencing him to 5 years in prison. He argues that pursuant to North Carolina v. Pearce, 395 U.S. 711 (89 SC 2072, 23 LE2d 656) (1969), the trial court could not properly sentence him to serve more time than that already meted out by way of administrative punishment absent some showing of aggravating circumstances occurring between the first and second punishments.

We disagree with Anderson's contentions. This Court and various federal courts have repeatedly held that the criminal and administrative conviction and punishment of a defendant for the same act does not constitute double jeopardy. See, *Carruth v. Ault,* 231 Ga. 547 (203 SE2d 158) (1974); *Middlebrook v. Allen,* 234 Ga. 481 (216 SE2d 331) (1975); *Horne v. Hopper,* 238 Ga. 140 (231 SE2d 735) (1977); United States v. Bryant, 563 F2d 1227 (5) (5th Cir. 1977), *cert. denied,* 435 U. S. 972 (98 SC 1616, 56 LE2d 65) (1978); United States v. Lepiscopo, 429 F2d 258 (9) (5th Cir. 1970), *cert. denied,* 400 U.S. 948 (91 SC 255, 27 LE2d 254) (1970); United States v. Hedges, 458 F2d 188 (10th Cir. 1972).

The above decisions are based on the proposition that "The right against double jeopardy protects only against being twice placed in jeopardy of *criminal* punishment for the same offense." *Middlebrook v. Allen,* supra, p. 481; Accord, *Keenan v. Harrison,* 245 Ga. 599 (1) (266 SE2d 205) (1980). Consequently, we find that Anderson properly received the criminal punishment in addition to his separate and distinct administrative punishment.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1983.

*Morton J. Gold, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.