## 70338. PRUITT v. THE STATE.
(335 SE2d 724)

POPE, Judge.

Appellant, Kenneth Clark Pruitt, was convicted by a jury on the felony charge of escape. At the time of the escape, appellant was serving a misdemeanor sentence at the Richmond County Correctional Institute in Augusta, Georgia for theft by taking. On June 14, 1984 when appellant was on a work detail, he and another inmate escaped. Appellant was recaptured two days later driving an automobile while intoxicated and without a driver's license. Appellant appeals the conviction enumerating three errors.

1. Appellant first enumerates as error the trial court's failure to grant a mistrial or continuance following a remark of a potential juror in the presence of the jury panel. The record reflects that during voir dire, a potential juror, a Richmond County Deputy Marshal, stated he could not be fair and impartial because he had "worked the case."[1] Counsel for appellant then moved for a mistrial. The trial court denied the motion but disqualified the deputy marshal as a potential juror. The court instructed the jury panel to disregard the statement if selected as a juror to try the case, and inquired if any member of the panel would be unable to do so. There was no response to the court's inquiry.

" 'The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. [Cits.]' " *Grayson v. State*, 159 Ga. App. 138, 139 (282 SE2d 755) (1981). The principle is well established that in order to warrant a motion for a mistrial, the appellant must show he was prejudiced by the potential juror's statement. *Riceman v. State*, 166 Ga. App. 825, 828 (305 SE2d 595) (1983).

Appellant relies on *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980). In *Moore*, during voir dire in an arson case, a po-

---

[1] The record does not support appellant's contention that the juror stated that he had worked the case "when he [appellant] escaped."

tential juror stated in the presence of the jury panel that he worked with a man who said the defendant was a firebug. This court held that those facts were similar to those in *Lingerfelt v. State*, 147 Ga. App. 371 (1) (249 SE2d 100) (1978), in which a prospective juror stated he could not be impartial because he had heard several persons state that the defendant was a peeping tom. In both *Moore* and *Lingerfelt*, this court held that the remarks were inherently prejudicial requiring the disqualification of the other members of the jury panel. We are of the opinion that the juror's remark in the case at bar was not inherently prejudicial so as to authorize a mistrial. The remark that the prospective juror "worked the case" is not comparable to the "firebug" or "peeping tom" remarks. Those remarks could be easily understood by the other jurors whereas the intended meaning of "worked the case" remains unclear. In this case the jury could have thought the prospective juror was a guard at the prison or was merely familiar with the case. The remark did not clearly indicate that he helped track appellant after he escaped, as appellant contends. *Moore* and *Lingerfelt* are further distinguishable in that the remarks in those cases were related to the issues to be decided by the jury. For example, in *Moore* arson was the essential issue to be decided by the jury and the remark that defendant was a firebug related to that issue. Similarly, the remark in *Lingerfelt* that defendant was a peeping tom related to the allegation that defendant broke into a woman's house and raped her. In both cases, the defendant denied committing the offense. In the case at bar, however, appellant did not dispute that he committed the crime of escape. His sole defense rested on the ground of lack of intent due to the fact that he had been threatened with sexual assault. The only issue thus left for the jury to decide in this case was whether appellant was justified in his escape. Therefore, the case at bar is not controlled by the holdings in *Moore* and *Lingerfelt*.

In addition, counsel for appellant had an opportunity after the alleged prejudicial statement was made to examine the prospective jurors regarding any prejudicial effect the remark may have caused. Also, the record shows that the jurors, by lack of affirmative response to the trial court's inquiry, indicated that they would not be affected by the statement. See, e.g., *Mention v. State*, 171 Ga. App. 116 (2) (318 SE2d 765) (1984). We find no prejudice to appellant under the circumstances here and, thus, no abuse of discretion in the trial court's denial of the motion for mistrial.

2. Appellant next asserts that the trial court erred in overruling his motion for mistrial directed toward the State's introduction into evidence of certain disciplinary hearing results. The record discloses that in response to a question posed by the State, the assistant warden at the correctional institution testified that appellant was found

guilty of escape by a disciplinary committee. See generally *Story v. Ault*, 238 Ga. 69 (230 SE2d 875) (1976). Counsel for appellant objected on the grounds that this evidence was not relevant to the issues at trial and was prejudicial, and he moved for a mistrial. The trial court agreed that the disciplinary hearing results were irrelevant but denied appellant's motion for mistrial. The trial court gave instructions to the jury to disregard such testimony and to not consider it in determining whether appellant was guilty of escape. The court also directed the State to refrain from further questioning about the disciplinary hearing. After the jury instructions, counsel for appellant renewed the motion for mistrial.

As we pointed out in Division 1, supra, a decision to grant a motion for mistrial lies within the sound discretion of the trial court, and his decision will not be overturned without a showing of abuse of that discretion. Furthermore, unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the discretion of the trial court will not be interfered with. See *Grayson v. State*, supra.

In the case at bar, the State directly elicited the improper evidence by inquiring into the results of the disciplinary hearing. We are of the opinion that such evidence, similar to evidence of prior arrests and convictions of other crimes, is irrelevant and inadmissible, and we strongly disapprove of the State's attempt to place this evidence before the jury. In fact, because the evidence here concerned a hearing involving the same conduct for which appellant was on trial, the risk of prejudice was possibly greater than with evidence of prior arrests and convictions of other crimes. Yet, "where proper instructions are given to disregard . . . reference to past arrest[s] or convictions, it is not error to overrule the motion for mistrial." *Googe v. State*, 237 Ga. 175, 176 (227 SE2d 51) (1976). See also *Burnett v. State*, 240 Ga. 681 (6) (242 SE2d 79) (1978) (trial court's instructions to the jury to disregard the prosecutor's reference in closing argument to the proceedings of a previous trial, in addition to the court's admonition to the prosecutor not to refer to such matters again, held sufficient to remove the argument from the jury's consideration and a sufficient rebuke of the prosecutor); *Spicer v. State*, 159 Ga. App. 826 (285 SE2d 258) (1981) (proper instructions removed any improper impressions from the minds of the jurors when prosecution questions defendant regarding his alleged participation in an unrelated crime for which he had not been indicted or convicted). In our view, any prejudice to appellant by the improper evidence elicited by the State here was adequately neutralized by the trial court's actions taken in response to appellant's objection. See *Jackson v. Springfield*, 172 Ga. App. 59 (2) (321 SE2d 802) (1984); cf. *Burnett v. State*, 160 Ga. 593 (1) (128 SE 796) (1925). Moreover, any error in this regard was harmless, for considering the overwhelming evidence of appellant's guilt

adduced at trial, it is highly probable that the testimony regarding the results of the disciplinary hearing did not contribute to the jury's verdict. See *Redfield v. State*, 240 Ga. 460 (4) (241 SE2d 217) (1978); *Sanford v. State*, 153 Ga. App. 541 (1) (265 SE2d 868) (1980); *United States v. Creamer*, 721 F2d 342, 345 (11th Cir. 1983). For the foregoing reasons, appellant's second enumeration of error is without merit.

3. Appellant next asserts that the trial court erred in overruling his motion for mistrial when appellant's confession was introduced without first judicially determining the question of voluntariness. The record discloses that Luther Chastain, an investigator for the correctional institution, testified that he talked with appellant at the time he was charged with a disciplinary report for his escape. Chastain testified that he explained the situation to appellant at the time he left that he did escape, and when Chastain asked appellant if he was guilty of escape, appellant replied that he was guilty. Counsel for appellant objected to this testimony and moved for a mistrial contending that there had been "no attempt by the State to go into any question of voluntariness" of the confession. According to counsel for appellant, it was "highly improper" for the confession to be put before the jury without first conducting a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1967). The trial court granted a *Jackson v. Denno* hearing but denied appellant's motion for mistrial. At the hearing, conducted out of the jury's presence, Chastain testified that after he read to appellant an internal rights sheet that stated appellant's rights in a hearing before a disciplinary committee (see *Story v. Ault*, supra at 70), appellant acknowledged in writing and orally that he was guilty of escape. Chastain also testified that appellant's confession was made without threats or without any hope of some kind of benefit. The trial court then overruled appellant's objection, and Chastain's testimony was repeated in the presence of the jury.

The trial court correctly held a *Jackson v. Denno* hearing after counsel for appellant interposed his objection. In *Wainwright v. Sykes*, 433 U. S. 72, 86 (97 SC 2497, 53 LE2d 594), reh. den., 434 U. S. 880 (1977), the Supreme Court held that due process does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession. Therefore, appellant had a right to a voluntariness hearing only upon challenging the alleged confession's introduction into evidence. See *Smith v. State*, 131 Ga. App. 605 (1) (206 SE2d 708) (1974). See also *Pierce v. State*, 238 Ga. 682 (235 SE2d 374) (1977); *Mayo v. State*, 132 Ga. App. 217 (2) (207 SE2d 697) (1974). It follows that this enumeration of error presents no ground for reversal.

Although we find to be without merit the ground asserted here on appeal as well as at trial, our review of the record compels the follow-

ing comments. OCGA § 24-3-50 provides that for a confession to be admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. In *Harrington v. State*, 139 Ga. App. 428 (228 SE2d 591) (1976), this court held that a prima facie showing of the admissibility of a confession was made by evidence of compliance with OCGA § 24-3-50 in addition to evidence showing that defendant confessed after having been given his *Miranda* rights.[2] In the case at bar, Chastain stated that only an internal rights sheet, not a *Miranda* rights form, was read to appellant prior to his statement that he was guilty of escape. Since *Miranda* rights were not read to appellant prior to his confession, the trial court erred in admitting it at trial. See *Grant v. State*, 154 Ga. App. 758 (270 SE2d 42) (1980) (a plea of guilty at a disciplinary hearing was held inadmissible at a subsequent criminal trial in the absence of *Miranda* warnings at the disciplinary hearing). This error, however, does not require reversal. First, appellant did not object at trial, and does not argue on appeal, that his confession was inadmissible because he had not been given his *Miranda* rights. Appellant merely objected on a procedural ground, viz, that a hearing on the voluntariness of the confession was not held before it was admitted into evidence. Since appellant failed to object to the admission of the confession on the ground that his *Miranda* rights were not read to him, any error in this regard was waived. *Reeves v. State*, 241 Ga. 44 (1) (243 SE2d 24), cert. den., *Reeves v. Georgia*, 439 U. S. 854 (1978); see *Beecher v. State*, 164 Ga. App. 54 (4) (296 SE2d 374) (1982); cf. *Watson v. State*, 227 Ga. 698, 699 (182 SE2d 446) (1971). Secondly, the error was rendered harmless beyond a reasonable doubt because appellant subsequently testified to facts which were in substance the same as his confession, and it is clear in light of other, overwhelming evidence of appellant's guilt that his testimony was not impelled by erroneous admission of his confession, but rather was necessitated in order to establish his defense of lack of intent. See generally *LaRue v. State*, 137 Ga. App. 762 (2) (224 SE2d 837) (1976).

For the foregoing reasons, appellant's conviction of escape is affirmed.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 3, 1985.

*Jack E. Boone, Jr.*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, As-*

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*sistant District Attorney*, for appellee.