## A90A1664. CULBERTSON v. THE STATE.
### (402 SE2d 111)

COOPER, Judge.

Appellant was convicted by a jury of two counts of aggravated assault upon two correctional officers and one count of aggravated assault upon a fellow inmate. He appeals from the denial of his motion for new trial.

All of the charges against appellant arose out of a single incident which occurred when appellant, an inmate occupying a cell next to the victim's cell, threw a container of boiling liquid on the victim and two correctional officers who were escorting the victim to the shower. At trial, appellant contended that he feared a life-threatening assault by the victim and that he threw the liquid at the victim as a means of obtaining a transfer to a cell away from the victim's cell.

1. Appellant contends that since he was the subject of an administrative proceeding involving the same incident, the trial court erred in not dismissing the indictment against him to afford him the constitutional protection against double jeopardy. "[T]he criminal and administrative conviction and punishment of a defendant for the same act does not constitute double jeopardy. [Cits.]" *Anderson v. State*, 250 Ga. 500, 501 (300 SE2d 163) (1983). This enumeration of error is without merit.

2. Appellant also argues that he was denied a fair and impartial trial because he was required to wear leg shackles while in the courtroom in the presence of jurors. Prior to the selection of the jury, the trial judge heard evidence from two officers familiar with appellant's prison history, who testified that the records reflected that appellant had attempted to escape on several occasions and had been unruly to the point of having to be physically restrained at times. Compare *Mapp v. State*, 197 Ga. App. 7 (397 SE2d 476) (1990). The prosecutor informed the court of a case pending against appellant for assaulting correctional officers. The record also reflects that after jury selection and before opening statements, appellant admitted to the court that he had escaped many times. We find no abuse of discretion in the trial court's decision to have appellant tried in leg shackles. See *Dennis v. State*, 170 Ga. App. 630 (3) (317 SE2d 874) (1984).

3. Appellant enumerates the general grounds. Construing the evidence in favor of the verdict, the jury was authorized to find that appellant intended to assault his fellow inmate with boiling water, an object which when used offensively is likely to cause great bodily harm, and that in the course of that assault, two correctional officers were injured. "[T]he jury was also authorized to find the original intent was transferred in law to the [correctional officers] as well." *Fussell v. State*, 187 Ga. App. 134, 137 (4) (369 SE2d 511) (1988). The evidence was sufficient for a rational trier of fact to find appellant

guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.