The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jarrod STAMUS, Defendant–Appellant.

No. 94CA0019.

Colorado Court of Appeals, Div. II.

June 15, 1995.

Rehearing Denied July 27, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Jarrod Stamus, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree possession of contraband. We reverse and remand for a new trial.

On appeal, defendant, an inmate at a correctional facility, contends the trial court erred in admitting into evidence his statements about marijuana use which were made during a prison disciplinary proceeding without a proper *Miranda* warning. We agree.

Based upon the positive results of a urinalysis test, the defendant was interviewed by a shift commander at the Delta Correctional Center. The defendant asked what benefit he would receive for revealing information, and the shift commander indicated that while he could not guarantee anything, he could make a recommendation. Without receiving an advisement of his rights, the defendant then admitted to smoking marijuana.

At a hearing on disciplinary charges three days later, the defendant was advised of his right to remain silent, his right to present evidence and call witnesses, his right to see the written reasons for the hearing officer's decision, and that if he gave up the right to remain silent, anything he said could be used against him in criminal or disciplinary proceedings. He was not advised of a right to an attorney because there is no right to an attorney in a disciplinary hearing. The defendant entered a plea of guilty with an explanation to the disciplinary charge. In his explanation, he reiterated his admission.

Prior to trial in the separate criminal proceedings later instituted against him, defendant sought to suppress the statements he had made in the disciplinary hearing, alleging they were induced by promises by the correctional officers and obtained without adequate *Miranda* warnings. Following a hearing, the trial court denied the motion to suppress, finding the statements were not induced by promises and were voluntarily given in connection with defendant's plea of guilty at the disciplinary proceedings following an adequate advisement. However, statements made to the shift commander were excluded from evidence at trial.

■ Under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), statements made by a defendant during custodial police interrogation are inadmissible as evidence in a criminal case unless the prosecutor establishes that the defendant was advised of certain constitutional rights and waived those rights.

■ Here, as noted above, the record reflects that the defendant was not advised of his right to an attorney and that if he could not afford an attorney, that one would be appointed to represent him. Thus, the record shows that defendant did not receive a complete *Miranda* advisement.

While the advisement may have been sufficient for purposes of the prison disciplinary

hearing, it must be analyzed with respect to the independent criminal proceedings that were later instituted and from which defendant appeals. *Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968).

In *Mathis,* incriminating statements given by a prisoner to an Internal Revenue Service agent during a routine tax investigation were held to be inadmissible in a subsequent criminal proceeding because a proper *Miranda* advisement was not given at the time of the prisoner's interview.

Here, the statement made by defendant in the course of the disciplinary proceeding ultimately resulted in the filing of the criminal charge against him. Thus, under *Mathis,* the defendant was entitled to have been advised of the full panoply of rights pursuant to *Miranda* before he could voluntarily waive those rights and make incriminating statements that would be admissible in the subsequent criminal proceedings. *See also United States v. Redfield,* 402 F.2d 454 (4th Cir. 1968); *Grant v. State,* 154 Ga.App. 758, 270 S.E.2d 42 (1980) (disciplinary hearing in correctional facility is custodial hearing that requires full *Miranda* warnings before statements made are admissible in subsequent criminal proceeding for those same criminal acts).

Because defendant was not advised of his right to an attorney in connection with the independent criminal proceeding, we conclude that the incriminating statement he made should not have been allowed into evidence at his trial.

■ The prosecution bore the burden of proving by a preponderance of the evidence that the defendant made a voluntary waiver of all of his rights. *See People v. DeBaca,* 736 P.2d 25 (Colo.1987). However, the record reveals that, at the disciplinary hearing, defendant was not advised of his right to an attorney in any subsequent criminal proceedings, and thus, the evidence fails to establish that defendant made a voluntary waiver of his *Miranda* rights. *See People v. Cummings,* 706 P.2d 766 (Colo.1985).

Accordingly, we conclude that the defendant is entitled to a new trial in which his incriminating statements resulting from an incomplete *Miranda* warning are not used as evidence against him.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

CRISWELL and CASEBOLT, JJ., concur.