## 60561. MOORE v. THE STATE.

BANKE, Judge.

The appellant was charged in a single indictment with three counts of burglary and two counts of arson in the first degree. He pled not guilty to all five counts but during the trial of the case admitted that he had committed the three burglaries. His appeal is from the convictions on the two arson counts.

During voir dire, one of the prospective jurors volunteered the following information about the appellant: "He was a volunteer [fireman]. I worked with a guy that said that he was a firebug. He said

that he would be the first one on the fire scene; that he would set the fire and then run back to the fire house." (This statement was not responsive to any question asked of the panel members.) Defense counsel immediately challenged the jury poll, whereupon the trial court disqualified the panel member who had made the statement and asked the remaining panel members whether any of them felt that they could not give the appellant a fair trial in view of what they had heard. Hearing no response, he instructed them that the disqualified juror's statement was hearsay and to disregard it. Defense counsel then made a motion for a mistrial or, in the alternative, a continuance, contending that no instruction could erase the prejudice which had necessarily resulted from the statement. The trial court responded that a motion for mistrial could not be entertained prior to the actual trial of the case. He then instructed the prospective jurors that the appellant was presumed innocent until proven guilty and again asked whether any of them felt incapable of deciding the case based on the evidence. Hearing no response, he denied the motion for continuance. *Held:*

1. It cannot seriously be argued that a prospective juror in an arson case could remain neutral after hearing sworn testimony by another prospective juror to the effect that the defendant was reputed to be a firebug. If such knowledge was sufficient to authorize the disqualification of the panel member who made the statement, as the trial court evidently concluded, it was necessarily sufficient to require the disqualification of the others.

This court was faced with a very similar situation in *Lingerfelt v. State,* 147 Ga. App. 371 (1) (249 SE2d 100) (1978). The defendant in that case was on trial for breaking into a woman's home and raping her. During voir dire, one of the prospective jurors stated, in the presence of the other prospective jurors, that he could not be impartial because he had heard several persons state that the accused was a peeping tom. The court held that such a statement was *"inherently* prejudicial and deprived the appellant of his right to begin his trial with a jury 'free from even a suspicion of prejudgment or fixed opinion . . . [a]nd this is true although the challenged jurors qualified by their answers to the usual questions propounded.' [Cits.]" Id. at 373-374. We find *Lingerfelt* to be controlling on the facts before us now. The case further requires us to reject the state's contention that defense counsel did not properly preserve the issue for appellate review because he failed to obtain a ruling on his challenge to the poll and because the motions for mistrial and for continuance were not proper methods of raising the challenge. The only motion made by defense counsel in *Lingerfelt* was for a mistrial. We held that this was equivalent to a challenge to the poll, stating

that "where the relief sought in a *motion* is clear and it is shown that the accused is entitled to the relief, it is error to deny it on the basis of a mere defect in nomenclature." *Id.* at 373.

2. In view of the above ruling, it is unnecessary to address the appellant's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED OCTOBER 14, 1980.

*Charles L. Wilkinson, III,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.