## 62399. TERRY v. THE STATE.

POPE, Judge.

Willis James Terry was indicted under two separate indictments for the sale of marijuana and sales of marijuana and methaqualone. Trial was set under both indictments on the same day. A jury was selected at 9 a.m. and Terry was acquitted of the first indicted offense. Before a jury was selected to try the second indictment, defense counsel made a motion for continuance on the ground that members of the jury venire had seen Terry on trial for the first offense that morning. A motion in limine was also made to prohibit mention of the prior trial in the second trial. The trial court granted the motion in limine but, after questioning each prospective juror as to any prejudice or reason he could not be fair and impartial, denied a continuance and the second trial proceeded. Terry was found guilty on both counts of the second indictment and brings this appeal, enumerating as error the denial of his motion for continuance and admission in evidence of testimony concerning a "previous deal."

1. The trial court is empowered to allow continuances in criminal cases "as often as the principles of justice may require." Code Ann. § 27-2002. See *Sides v. State,* 213 Ga. 482 (1) (99 SE2d 884) (1957); *Thrash v. State,* 158 Ga. App. 94 (283 SE2d 611) (1981). However, " '[t]he grant of motions for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he abused his discretion.' " *Gaines v. State,* 142 Ga. App. 181, 182 (235 SE2d 640) (1977). Since trial of the first indictment resulted in Terry's acquittal and because voir dire questioning indicated no prejudice toward him by the jury selected from the same panel, it cannot be said that the trial judge abused his discretion in denying the motion for continuance. *Gaines v. State,* supra.

Under the law an accused in a felony case is entitled as a matter of right to a panel of 42 impartial jurors. Code Ann. § 59-801. " 'But granted this, a party is entitled to no more. Having no legal right to a jury which includes those who because of scruple or bias he thinks might favor his cause, he suffers no prejudice if jurors, even without sufficient cause, are excused by the judge. Only if a judge without justification overrules a challenge for cause and thus leaves on the panel a juror not impartial, does legal error occur.' " *Rucker v. State,* 135 Ga. App. 468, 471 (218 SE2d 146) (1975). The record does not reflect whether Terry exhausted all his peremptory strikes and, indeed, he does not contend that he did so. Therefore, the trial court was authorized to find that Terry's right to a fair trial would not be

denied in the absence of a continuance. *Payne v. State,* 152 Ga. App. 471 (263 SE2d 251) (1979).

2. The testimony complained of did not place Terry's character in issue. It is not clear if the ambiguous remark of the officer as to meeting Terry in "the parking lot where we did the last deal at previously" referred to another crime, the other count of the indictment, or any criminal activity at all. However, when defense counsel moved for mistrial, which was denied, proper curative instructions were given the jury and the witness was warned against making other such comments. " 'Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned.' " *Lee v. State,* 154 Ga. App. 562, 565 (269 SE2d 65) (1980). We find no reversible error.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 19, 1981.

*J. Dixon Belk,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.