### 67710. STONE v. THE STATE.

McMurray, Chief Judge.

Defendant was convicted of rape and appeals. However, *after the filing* of his notice of direct appeal the defendant filed pro se a motion for new trial and for appointment of counsel to assist him in his further appeals. We find no ruling on these motions but note that his present counsel on appeal is different from the trial counsel, and the direct appeal has continued with transmission of the record and transcript of the proceedings. We proceed to review the enumerations of error. *Held*:

1. During the voir dire, and in response to the question of whether anyone knew the defendant, a prospective juror spoke up that he did not know whether he knew the defendant or not, but would like to speak to an investigator. He then ad libbed "I had a similar incident and I'm not sure if it is the same man or not." He was then allowed to confer with the investigator and after a bench conference which included the juror the court announced that "out of an abundance of precaution I'm going to excuse [him]." Counsel for defendant then moved for a continuance setting forth that the prospective juror made a statement in the presence of all the jurors before any of them had been selected that he wanted to speak to the investigator "because he had a similar incident involving the defendant" and this statement amounted to testimony as a witness for the state. However, the trial court corrected him that this was not what the prospective juror stated, but instead the prospective juror had stated, "[h]e said that he didn't know whether he knew him or not but he had a similar incident and he wanted to talk with the officer to see if he did know him or not." The motion was then denied both before and after precautionary instructions were given to the jury "to totally disregard what [the juror] may have said because that has nothing to do with the trial of this case, and out of an abundance of precaution [the court has] excused that particular juror."

Counsel for defendant bases his claim that a continuance or postponement is mandated because the jurors have been contaminated by such statement citing in support thereof *Moore v. State*, 156 Ga. App. 92, 93-94 (1) (274 SE2d 107); *Lingerfelt v. State*, 147 Ga. App. 371, 372-374 (1) (249 SE2d 100). Those two cases involve situations where a juror expressed an opinion in open court as to knowledge of the defendant which would disqualify him and projected an indication that he could not remain neutral. In those cases the jurors' testimony

being improper, and the statements being inherently prejudicial, each defendant would be deprived of his right to trial by a jury free from even a suspicion of prejudgment or fixed opinion. However, the case sub judice is more similar to *Coates v. State*, 165 Ga. 191 (140 SE 287), wherein the juror on voir dire stated he had heard so much against the defendant that he was prejudiced. The Supreme Court therein held that the trial court did not err in refusing to disqualify the entire panel of jurors. Further, in the case sub judice it is not certain that the jurors even heard the statement made by the prospective juror and indeed counsel for defendant inadvertently misquoted the statement in saying that the juror had said, "he had a similar incident involving the defendant." Here the trial court endeavored to prevent any statement being a detriment to the defendant in his efforts to defend himself and, out of an abundance of caution, excused the juror and instructed the remaining jurors "to totally disregard what he may have said because that has nothing to do with the trial of this case." The uncertain and subjective nature of the statement at issue left it within the discretion of the trial court, and we find no abuse of that discretion here. See *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663); *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315); *Jones v. State*, 161 Ga. App. 610, 611 (3) (288 SE2d 788). The jurors are presumed to understand and follow the instructions given them by the trial court. See *Tatum v. State*, 249 Ga. 422, 424 (291 SE2d 701). We find no merit in this complaint.

2. The second enumeration concerns a comment of the trial court in ruling on an objection that certain testimony being given by a state's witness was hearsay. The court's ruling, in effect, sustained the objection. In doing so, the court stated, "Well, if you don't want that, I'll rule it out then." Generally, a ruling by the trial court on a point of law or an objection such as here is not an expression of opinion. See *Jackson v. State*, 154 Ga. App. 514 (4) (268 SE2d 784); *Collins v. State*, 143 Ga. App. 583, 586 (3) (239 SE2d 232). Further, there was no further objection here or motion for mistrial, and no reversible error is shown. See *Nelson v. State*, 136 Ga. App. 861, 862 (3) (222 SE2d 677). We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided March 12, 1984.

*Charles L. Wilkinson III, William H. Sams, Jr.,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Jack E. Boone, Jr., Charles R. Sheppard, Assistant District Attorneys,* for appellee.