41159. GILES v. THE STATE.
(317 SE2d 527)

WELTNER, Justice.

A jury found that Charlie Giles shot and killed his brother, Luther Giles, Jr. with a shotgun. He was convicted of murder and sentenced to life imprisonment.[1]

1. Giles challenges the sufficiency of the evidence to sustain his conviction.

Charlie and Luther Giles lived together. On the day in question, they had watched television, prepared supper and consumed liquor together. That evening, they argued about an electric bill. Neighbors heard Luther Giles exclaim, "I foot the bills," then heard a shot. Neighbors and relatives found the front screen door to the Giles residence latched. There was no response to their knock on the door. Law enforcement authorities were notified after Luther Giles' body was

---

[1] The date of the offense was 9/13/83. The date of conviction was 11/18/83. Notice of appeal was filed on 11/21/83. A transcript of the evidence was filed on 5/2/84. The appeal was docketed in this court on 5/10/84.

discovered by neighbors, who had unhooked and opened the rear screen door.

Investigating officers found the victim's body on the kitchen floor. They discovered a means of exit from the house through a crawl space under the house. Heel marks were found in the dirt of the crawl space. A 12 gauge single-barrel shotgun was found buried in the earth of the crawl space. A spent shell was removed from the shotgun.

A neighbor saw Charlie Giles walking toward his home after the shot was heard. Giles asked the neighbor whether she had seen his brother Luther, and questioned her about hearing the shot.

The autopsist indicated that the cause of death was a shotgun blast in the chest, fired from a distance of five to seven feet. The victim's blood analysis revealed the presence of .45 grams percent ethyl alcohol.

Giles was questioned by the investigating officers on several occasions, each time after Miranda warnings. He finally admitted that he had fired the fatal shot and buried the shotgun, but that he believed he was shooting at an intruder who had broken into the dwelling.

The evidence is sufficient to sustain the verdict under the standard of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During voir dire, the court asked an entire panel of prospective jurors whether any one of them had formed an opinion regarding the guilt or innocence of the accused. One panel member responded that he had "firsthand knowledge of what he [Charlie Giles] did from his [Giles'] brother, Irvin." In response to further questioning by the court, the prospective juror, who later was excused for cause, responded: "I know what happened and I know the details and it wasn't good." Giles contends that the court should have excused for cause the entire panel because it heard these responses.

We find no reversible error, as the responses of the prospective juror indicated only that he had knowledge that something, which "wasn't good," had transpired between Charlie Giles and Luther Giles. He did not state the substance of what he had heard. While better practice may have been to excuse the panel, its retention under these circumstances was not an abuse of discretion. Compare, *Coates v. State*, 165 Ga. 191 (140 SE 287) (1927) ("I have heard so much against the defendant that I am prejudiced."), with *Moore v. State*, 156 Ga. App. 92 (274 SE2d 107) (1980) (In an arson case: "I worked with a guy that said that . . . [the defendant] was a firebug.")

3. The trial court properly denied Giles' motion for a directed verdict of acquittal. See Division 1, supra.

4. The trial court properly refused to instruct the jury as to voluntary manslaughter. Giles' sole defense was accident — that he thought he was shooting at an intruder. He testified, on direct and

cross-examination, that he was in no way provoked with the victim. There was no evidence which might indicate that Giles had acted "solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a); *Saylors v. State*, 251 Ga. 735 (2) (309 SE2d 796) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984.

*Charles E. Day*, for appellant.

*John T. Strauss, District Attorney, Steven A. Hathorn, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.