72829. AUSTIN v. THE STATE.
(348 SE2d 746)

POPE, Judge.

Wanda P. Austin was convicted of armed robbery and appeals. The sole error enumerated is the refusal of the trial court to grant a continuance so that another jury could be empaneled after a prospective juror answered the question propounded by the court as to whether any of them knew the defendant by stating that he was the co-owner of the store that the defendant robbed. Defendant contends that this created a situation which was inherently prejudicial and denied her a fair trial, as held in *Lingerfelt v. State*, 147 Ga. App. 371 (1) (249 SE2d 100) (1978), and *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980).

We do not agree. While the exact words of the offending juror are not recorded in the transcript before this court, the clear import of the response was that the prospective juror felt he could not be impartial because it was his store that had been robbed. Immediately after this response the trial court instructed the panel "to disregard the content of the statement made by that juror. Every person enters into the trial of the case with the presumption of innocence in his or her favor. This defendant is entitled to that presumption of innocence. If you cannot conscientiously disregard that statement, I want you to now inform the Court and let me make a determination as to your status. Is there anyone who cannot grant this defendant the presumption of innocence and make a verdict as you might hear the evidence come from the stand and entirely put that remark out of your mind? Is there anyone who can't do that?" When there was no response to the inquiry, the selection of the jury proceeded. The court again charged the jury at the close of the evidence to disregard the statement, directing them to find the defendant not guilty if "what that juror had to say in any way had any influence upon you in any way whatsoever, or if it in any way tainted your ability to give this

defendant a fair trial, or if it made any impression upon your minds so as to create a suspicion or prejudgment or cause the creation of a fixed opinion in your mind concerning the guilt of this defendant . . . ."

Unlike the statements in *Moore* and *Lingerfelt*, this answer did not link defendant to other criminal violations on her part which were complete and separate from the offense for which she was being tried. Moreover, the other jurors here indicated by their lack of response to the court's inquiry that they had not been affected by the remark, as well as by their verdict of guilty after specific direction to acquit the defendant if they had been influenced in any manner by the statement. We find no prejudice to the defendant or abuse of discretion by the trial court to warrant a new trial. See *Giles v. State*, 253 Ga. 144 (2) (317 SE2d 527) (1984); *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985); *Stone v. State*, 170 Ga. App. 234 (1) (316 SE2d 836) (1984).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*I. Allen Meadors*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys*, for appellee.