### 72559. HOUSTON v. THE STATE.
(349 SE2d 228)

SOGNIER, Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act by possessing heroin with intent to distribute, and he appeals.

1. Appellant contends the trial court erred by allowing a police officer to give his opinion on a material issue in the case. The testimony complained of was in response to a question by appellant on cross-examination, and appellant made no objection to the answer. It is well-settled that this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

2. Appellant contends the trial court erred by restricting appellant's cross-examination of the arresting officer. On cross-examination appellant asked the witness: "Officer Smart, isn't it possible that the reason you have seen Alonzo over near or on Simpson Road is because he lives over there?" The State's objection to the question was sustained on the ground that the question called for speculation by the witness, and appellant continued his cross-examination in another

area. Appellant made no objection to the court's ruling, nor did he object that his right of cross-examination was being restricted improperly, and as stated in Division 1, we will not consider questions raised for the first time on appeal. *Bowen*, supra.

3. a. Appellant contends error in admitting Exhibits 6, 6A and 6B, a property envelope and two glassine packages contained therein, as a proper chain of custody was not established. William Smart, the arresting officer, positively identified Exhibits 6A and 6B as the two bundles of gum wrappers containing a small amount of powder that he found on the ground at appellant's feet. He identified Exhibit 6 as a property envelope used by police into which glassine bags containing evidence are placed. Detective Robert Taylor positively identified Exhibit 6 as a property envelope containing evidence pertaining to appellant which Taylor took to the State Crime Laboratory and delivered to Stephen Ellis. Ellis testified that he received Exhibit 6 from Taylor, and that Exhibit 6 contained Exhibits 6A and 6B; Exhibit 6 was sealed when Ellis received it.

It is clear that a proper chain of custody was established for the exhibits. The burden the State must carry to gain admission of evidence such as this (heroin) is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. *Johnson v. State*, 143 Ga. App. 169-170 (1) (237 SE2d 681) (1977); *Phillips v. State*, 167 Ga. App. 260, 263 (2) (305 SE2d 918) (1983). The State met this burden, so it was not error to admit the exhibits into evidence.

b. Appellant also claims error in the admission into evidence of Exhibit 7, which was $390 in cash found on appellant at the time of his arrest, because the money was not contraband and there was no direct evidence of a drug sale.

Appellant was not charged with selling heroin, but with possessing heroin with intent to distribute. Appellant was unemployed, and there was testimony that the packets of heroin he dropped by his feet were the size packets that sold for ten to twenty dollars. The money found in appellant's possession was in denominations of mostly ten and twenty dollar bills. Such evidence would tend to show that appellant had been selling heroin and that he intended to distribute the packages of heroin in his possession. Thus, the money had probative value in determining the issue of intent. Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to determination by the jury. *Dudley v. State*, 141 Ga. App. 431, 432 (2) (233 SE2d 805) (1977). We also note that Smart testified, without objection, that he found $390 on appellant at the time of his arrest, and proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983). Hence, it was not

error to admit Exhibit 7 into evidence.

4. Appellant contends the court erred by refusing his request on circumstantial evidence. There was direct evidence in this case that appellant was in possession of heroin, and where there is direct evidence involved in the case, it is not error to refuse to charge on circumstantial evidence. *Lane v. State*, 153 Ga. App. 622, 623 (3) (266 SE2d 298) (1980).

Appellant contends the evidence is not sufficient to support the verdict. We have read the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 11, 1986.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Richard E. Hicks, Raymond Mayer*, Assistant District Attorneys, for appellee.