## 75416. TUBMAN v. THE STATE.
(365 SE2d 879)

SOGNIER, Judge.

Tubman appeals from his conviction of aggravated assault with a motor vehicle, operating a motor vehicle without insurance, and failure to stop at or return to the scene of an accident.

1. Appellant alleges error in denial of his motion for a continuance until new jurors could be empaneled after one of the prospective jurors, on voir dire, under oath and in the presence of other jurors, allegedly stated that appellant appeared to be the person who had robbed the juror and his girl friend. While the voir dire examination was not recorded in the transcript, the transcript indicates that the juror in question stated he was prejudiced because the defendant "looked like" the man who robbed his girl friend about a year ago. On the basis of this statement appellant requested that the court continue the case and bring in another panel from which to select a jury. The court stated that without a further showing of the impact on the remaining forty-six jurors it could not grant appellant's motion; however, the court stated that appellant was free to inquire on voir dire as to the effect of the statement on the other jurors. The juror who made the statement was then replaced by another juror.

The grant of a motion for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is shown clearly that the trial judge abused his discretion. *Terry v. State*, 160 Ga. App. 433 (1) (287 SE2d 360) (1981). While this court has held that statements by jurors on voir dire examination which are clearly prejudicial require empaneling a new jury, *Lingerfelt v. State*, 147 Ga. App. 371, 372 (1) (249 SE2d 100) (1978); *Moore v. State*, 156 Ga. App. 92, 93 (1) (274 SE2d 107) (1980), this does not mean that *all* statements which *might* be prejudicial require such action. See, e.g., *Stone v. State*, 170 Ga. App. 234, 235 (1) (316 SE2d 836) (1984); *Giles*

*v. State*, 253 Ga. 144, 145 (2) (317 SE2d 527) (1984). The juror's statement here, that appellant "looked like" the person who robbed his girl friend, was not a statement that appellant did, in fact, rob the juror's girl friend. As such, we do not find the statement clearly prejudicial. Rather, we find the statement more akin to the statement in *Stone*, supra, where a prospective juror stated that " 'I had a similar incident and I'm not sure if it is the same man or not.' " In holding that it was not error to deny Stone's motion for a continuance, we stated: "The uncertain and subjective nature of the statement at issue left it within the discretion of the trial court, and we find no abuse of that discretion here." In the absence of anything in the transcript indicating that the juror's remark contaminated the other prospective jurors, we find our holding in *Stone* to be applicable to the facts of the instant case. Accordingly, we find no abuse of discretion by the trial court in denying appellant's request for a continuance until a new jury could be empaneled.

2. Appellant contends the trial court erred by denying his request to charge on circumstantial evidence. He argues that the evidence against him was all circumstantial, and thus, such a charge was required. We do not agree, as there was direct evidence that immediately before appellant's car struck the victim, appellant was driving the vehicle. There was also direct evidence that immediately after the accident, appellant was identified as the person who got out of his car, removed the license plate therefrom and departed on foot. Where there is some direct evidence involved in the case it is not error to refuse to charge on circumstantial evidence. *Houston v. State*, 180 Ga. App. 267, 269 (4) (349 SE2d 228) (1986).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but arrive by a somewhat different route in each division.

1. With respect to the prospective juror's statement, it is important to point out further aspects of the context in which the trial court is claimed to have erred. The court reporter's after-the-fact rendition, included in the transcript but not related in open court where it could be challenged, is that: "A juror replied that he was prejudiced because the defendant looked like the man who robbed his girl friend about a year ago."

Defense counsel's rendition, given in open court, referred to: "the announcement of this juror in responding to the question about any knowledge before he came in here and the fact that he responded that my client appeared to be the person that robbed he [sic] and his girl friend about a year ago, . . . ." Thus the record does not show precisely

what the juror said, and there is a material difference between saying someone resembles someone else and someone is that previously encountered person.

In either event, we conclude that the statement was not inherently prejudicial, as were the statements in *Lingerfelt v. State*, 147 Ga. App. 371, 372 (1) (249 SE2d 100) (1978), and *Moore v. State*, 156 Ga. App. 92, 93 (1) (274 SE2d 107) (1980). See *Stone v. State*, 170 Ga. App. 234, 235 (1) (316 SE2d 836) (1984); *Scott v. State*, 177 Ga. App. 474, 476 (2) (339 SE2d 718) (1985). Thus defendant had to demonstrate that it caused bias among the other prospective jurors.

The court gave defendant that opportunity, stating that without further showing the motion would have to be denied but that counsel could freely inquire during the voir dire in progress and the court would rule again, in effect, if defendant desired. After the voir dire was concluded, defendant did not raise the issue again so apparently conceded that he could not show that any juror was infected. Nor did he ask the court for any limiting or cautionary instructions on the subject.

Consequently, I agree that on the record in this case, the trial court committed no reversible error in this regard.

2. As to the refusal to give instructions with respect to a wholly circumstantial case, even if it was error it does not require a new trial. The State concedes that it would have been better to give the charge. It admits that the central issue was the identity of the person who was driving the vehicle when it struck the bike rider and dragged him along the street and then fled.

There was no direct evidence of this fact. The two waitresses saw the defendant drive the vehicle when it left the motel parking lot. They lost sight of it before it hit the victim some distance away. The security guard who chased the vehicle and lost it for awhile could not identify the driver at all. Another vehicle came upon defendant's, but when he found it stopped with the victim underneath, no one was in it. He left, and when he came back, he saw defendant come out of the car and take the license tag off the back. So he, too, as well as the woman in front of whose home the defendant's car stopped, did not see the person driving so as to identify him as such. Thus the charge was warranted.

However, the proximity in time and place of the positive identifications of defendant overwhelmed his only defense, that he was in an entirely different location during the whole evening. Reviewing the whole charge as we must, *Felker v. State*, 252 Ga. 351, 381 (16) (314 SE2d 621) (1984), and considering the evidence, the omission was harmless error at best, and defendant is not entitled to a new trial at which the charge is given. *Hawes v. State*, 240 Ga. 327, 330 (3) (240 SE2d 833) (1977); *Stoker v. State*, 177 Ga. App. 94, 96 (338 SE2d

525) (1985). This is not a "close and doubtful" case where failure to give the charge would be reversible error. *Germany v. State*, 235 Ga. 836, 840 (2) (221 SE2d 817) (1976); *Playmate Cinema v. State*, 154 Ga. App. 871, 872 (3) (269 SE2d 883) (1980).

DECIDED FEBRUARY 3, 1988 —

*Richard E. Allen*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.