## S89A0128. ROBERTS v. THE STATE.

(383 SE2d 872)

MARSHALL, Chief Justice.

C. J. Roberts, a/k/a C. J. Pitts, appeals his conviction of the malice murder of Geraldine Hill, for which he was sentenced to life imprisonment.[1] We affirm.

1. The evidence authorized the finding of the following facts. Roberts and the victim had been involved in an extra-marital relationship for some 15 years. The relationship had been broken on at least one occasion, but had resumed. The victim's daughter testified that Roberts had hit and beaten her mother, and the victim's sons testified that the victim feared firearms, and did not own a firearm. The victim's daughter testified that she had never seen her mother with a handgun. The testimony indicated that Roberts knocked on the door of the victim's residence; that the victim answered the knock on the door, and went outside; and that the victim and Roberts spoke together for approximately 10 minutes. A neighbor then heard two gunshots. The victim entered the house, and stated, "He shot me, he shot me." Roberts, with a pistol in his hand, was observed walking to his automobile, which was parked across the street. He entered the vehicle, and left the scene. Medical testimony indicated that the victim died of gunshot wounds. Hand wipings from Robert's hands revealed the presence of elements consistent with gunshot residue. After *Miranda* warnings, Roberts stated that he and the victim began "to fuss" on the porch, and that he fired, believing that the victim "had something to hurt me." On trial, Roberts testified that the vic-

---

[1] The offense was committed on October 7, 1988. Roberts was convicted on March 28, 1989, and sentenced on April 26, 1989. Notice of appeal to the Court of Appeals was filed on May 9, 1989. The transcript was filed on June 2, 1989. An amended notice of appeal was filed on June 8, 1989, directing the appeal to this Court, rather than the Court of Appeals, which entered an order on June 13 transferring the appeal to this Court. The appeal was docketed in this Court on July 14, 1989. The case was submitted for decision on July 28, 1989.

tim had a .25 caliber pistol "in her bosom," and that she was going to pull it out; that he fired in self-defense, not intending to kill the victim. No weapon was found at the scene, and Roberts admitted throwing his pistol into a river. Medical testimony indicated that the fatal wound was in the victim's back.

On appeal, a conviction will be affirmed if this Court determines that, under the evidence, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Having reviewed the record, we hold that the evidence at trial meets the *Jackson v. Virginia* test. The appellant makes his arguments based not upon the sufficiency of the evidence, but upon the credibility of witnesses, which is not a question for the appellate court but is a question for the jury under proper instruction from the court. OCGA § 24-9-80; *Moore v. State*, 255 Ga. 148 (335 SE2d 868) (1985) and cit.

2. The appellant contends that the trial court erred in not disqualifying the entire jury panel because of comments made by one prospective juror. During voir dire, the prosecution directed a question to the prospective juror, Mr. Stone, regarding a relative of Mr. Stone's who had been involved in a violent crime. The following dialogue ensued:

> Prosecution: Now, this is directed to Mr. Stone. Sir, I heard what you were saying that you had a relative that was seriously injured by a person with a gun; was that person with a gun somebody that your relative knew or was he somebody that was a stranger?

> Prospective juror: A stranger, and anyone that kills someone should go to the chair.

Following this dialogue, the appellant objected to any further questioning of Mr. Stone, as his answer had disqualified him from the jury panel. The court questioned Mr. Stone further:

> The court: Well, I'll ask the questions. Could you listen to the evidence that is presented in this case from the witness stand and then to the arguments of counsel and the charge of the court as to the law, and render a verdict based solely upon the evidence presented in this case?

> Prospective juror: No, Sir. Anyone that kills someone should go to the chair.

The court subsequently excused prospective juror Stone from the panel, whereupon the appellant objected to the entire panel because

of the comment that Mr. Stone had just made. The court overruled the objection. Neither a motion to disqualify the entire panel nor a motion for a continuance in order to obtain another jury panel was made, and curative instructions were not requested. The appellant's challenge to the array was not in writing, as required by OCGA § 15-12-162, *Porch v. State*, 207 Ga. 645 (2) (63 SE2d 902) (1951), nor was it later reduced to writing, as required in *Smith v. State*, 151 Ga. App. 697, 699 (4) (261 SE2d 439) (1979). The trial court did not abuse its discretion in the control of the voir dire by failing to give the appellant relief for which he did not ask. *McCoy v. State*, 161 Ga. App. 97, 98 (4) (289 SE2d 301) (1982) and cits.

Furthermore, while Mr. Stone's response may have been grounds for his subsequently being stricken for cause as a juror, his statements, unlike those in *Moore v. State*, 156 Ga. App. 92 (1) (274 SE2d 107) (1980), and *Lingerfelt v. State*, 147 Ga. App. 371 (1) (249 SE2d 100) (1978), did not link the defendant to other criminal violations on his part which were complete and separate from the offense for which he was being tried. *Austin v. State*, 180 Ga. App. 226 (348 SE2d 746) (1986).

> Moreover, the other jurors here indicated by their lack of response to the court's inquiry [as to whether there was "anyone who could not grant this defendant the presumption of innocence and make a verdict as you might hear the evidence come from the stand and entirely put that remark out of your mind."] that they had not been affected by the remark, as well as by their verdict of guilty after specific direction to acquit the defendant if they had been influenced in any manner by the statement. We find no prejudice to the defendant or abuse of discretion by the trial court to warrant a new trial. See *Giles v. State*, 253 Ga. 144 (2) (317 SE2d 527) (1984); *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724) (1985); *Stone v. State*, 170 Ga. App. 234 (1) (316 SE2d 836) (1984).

*Austin*, supra, p. 227.
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 1989.

*Donald E. Strickland*, for appellant.
*Britt R. Priddy*, District Attorney, *Michael J. Bowers*, Attorney General, *C. A. Benjamin Woolf*, for appellee.