## A92A0065. FRADY v. THE STATE.
(418 SE2d 114)

CARLEY, Presiding Judge.

After a trial before a jury, judgments of conviction and sentences were entered by the trial court on the verdicts finding appellant guilty of one count of child molestation, two counts of aggravated assault,

and one count of possession of a firearm during the commission of a felony. Appellant appeals, enumerating as error only the trial court's failure to sustain his challenge to the jury panel.

A prospective juror expressed the desire to be excused because of her "dissatisfaction with the system . . . related to lawyers who represented guilty defendants knowing that they were guilty." After advising her that such "was not the case," the trial court excused her for cause. Because the other prospective jurors had overheard the comment, appellant correctly made a challenge to the poll. See *Hill v. State*, 221 Ga. 65, 66 (1, 2) (142 SE2d 909) (1965). Compare *Lingerfelt v. State*, 147 Ga. App. 371, 373 (1) (249 SE2d 100) (1978); *Edmonds v. State*, 196 Ga. App. 190, 194 (1) (395 SE2d 566) (1990). The trial court asked whether any other juror shared the views of the excused prospective juror and whether her statement had affected any juror's ability to be fair and impartial. No juror responded affirmatively.

The excused " 'juror's statement . . . provide[s] no ground for disqualifying the jury.' [Cit.]" *Nelson v. State*, 199 Ga. App. 487, 488-489 (4) (405 SE2d 310) (1991). See also *McBurse v. State*, 182 Ga. App. 759 (2) (357 SE2d 144) (1987); *Petty v. State*, 179 Ga. App. 767 (2) (347 SE2d 663) (1986). The statement was not "inherently prejudicial." Compare *Moore v. State*, 156 Ga. App. 92, 93 (1) (274 SE2d 107) (1980); *Lingerfelt v. State*, supra at 373-374 (1). It "did not link [appellant] to other criminal violations on his part which were complete and separate from the offense for which he was being tried. [Cit.]" *Roberts v. State*, 259 Ga. 441, 443 (2) (383 SE2d 872) (1989). See also *McBurse v. State*, supra at 759 (2). Compare *Moore v. State*, supra; *Lingerfelt v. State*, supra.

Moreover, " '[i]n view of the remedial action taken by the trial court, we find no error in its refusal to disqualify (the entire panel) on the basis of a comment made by one prospective juror. . . .' [Cit.]" *Nelson v. State*, supra at 489. "Furthermore, the record reflects that the remaining prospective jurors indicated they would not be affected by the remark. [Cit.]" *McBurse v. State*, supra at 760 (2). Accordingly, "[s]ince there was no showing that the [statement] influenced the minds of [any member of] the jury prejudicially to appellant, the denial of appellant's [challenge to the poll] was not error. [Cits.]" *Thaxton v. State*, 260 Ga. 141, 142-143 (3) (390 SE2d 841) (1990). See also *Roberts v. State*, supra at 443 (2).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 7, 1992.

*Vanderhoff & Jordan, Lynwood D. Jordan, Jr.*, for appellant.

*Garry T. Moss, District Attorney, T. Russell McClelland III, Charles D. Gafnea, Assistant District Attorneys*, for appellee.