A92A0857. WILLIAMS v. THE STATE.
(420 SE2d 781)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated child molestation. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant challenges the sufficiency of the evidence.

The three-year-old victim's mother testified that she took the victim and his two brothers to her mother's house for a weekend visit; that defendant then resided with her mother and that a few days after the visit the victim complained of discomfort in his genitals. The victim's mother testified that she discovered the victim's penis in a red and swollen condition and that, upon inquiry, the victim gave her a detailed account of how defendant sexually molested him. The vic-

tim's mother testified that she took the child to a physician for examination and the examining physician testified that the victim's genitals were red, swollen and infected. The victim's nine-year-old brother testified that defendant "touched [his] private part" while the boys were visiting at their grandmother's house. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends his character was impermissibly placed into issue when the trial court allowed evidence of his bi-sexual nature. The State contends evidence of defendant's bi-sexuality is relevant because the victim was subjected to an act of aggravated child molestation involving homosexual behavior.

" 'Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case.' *Patterson v. State*, 233 Ga. 724 (1) (213 SE2d 612). ' "Questions of the relevancy of evidence are for the court . . . when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." ' *Ball v. State*, 145 Ga. App. 254 (243 SE2d 672). 'The Georgia rule favors admissibility of any relevant evidence, no matter how slight the probative value.' Agnor's Ga. Evid. § 10-2. Where evidence is of doubtful relevancy, the trial court should admit it and let its weight be decided by the jury. *Crass v. State*, 150 Ga. App. 374, 377 (257 SE2d 909); *Lewis v. State*, 158 Ga. App. 586, 587 (281 SE2d 331)." *Bearden v. State*, 159 Ga. App. 892, 893 (4) (285 SE2d 606).

In the case sub judice, there is evidence that the victim was the subject of a homosexual act. Under these circumstances, we cannot say that evidence of defendant's bi-sexual nature is totally irrelevant. On the contrary, the evidence was admissible to prove intent, motive, plan, scheme and bent of mind. See *Wellborn v. State*, 258 Ga. 570, 572 (2) (372 SE2d 220). The trial court did not err in allowing the State to introduce evidence of defendant's bi-sexuality.

3. Defendant contends the trial court erred in allowing evidence of the victim's out-of-court statements, arguing that circumstances surrounding the statements did not provide sufficient indicia of reliability for admissibility under the Child Hearsay Statute, OCGA § 24-3-16.

" 'Indicia of reliability must spring from the circumstances of the statement. (Cits.) The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the

spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. (Cits.)' [Cit.]" *Weathersby v. State*, 262 Ga. 126, 128 (4b), 129 (414 SE2d 200).

During the evening, two days after the alleged act of aggravated child molestation, the victim complained of pain in his genitals. The victim's mother treated the child with "[v]aseline" and put him in bed. At about midnight, the victim awakened and again complained of pain in his genitals. The victim's father treated the child with "[v]aseline" and put him back to bed. At 5:00 the next morning, the victim was in bed and was crying, complaining of severe pain and discomfort in his genitals. The victim's mother examined the child and discovered that his penis was red and swollen. She then asked the child "had anyone been bothering his penis" and the victim gave a detailed account of how defendant committed acts of sodomy against him and how defendant forced the child to commit acts of oral sodomy. The victim's mother took the child to a physician for examination and then took him to her mother's house. The victim then told his grandmother that defendant orally sodomized him and that defendant forced him to perform acts of oral sodomy. This evidence and the victim's mother's testimony that she had never discussed oral sodomy with the three-year-old victim and that she had never known the child to make up stories authorizes a finding that the circumstances surrounding the statements provided sufficient indicia of reliability. See *Howard v. State*, 200 Ga. App. 188, 190 (4) (407 SE2d 769). The trial court did not err in allowing testimony of the child's accusation that defendant committed the acts which constitute the crime of aggravated child molestation. Compare *Hunnicutt v. State*, 194 Ga. App. 714 (391 SE2d 790).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 10, 1992.

*Martin, Snow, Grant & Napier, Phillip A. Sibley*, for appellant.
*Willis B. Sparks III, District Attorney, Edward C. Bresee, Assis-*

*tant District Attorney,* for appellee.