## A95A2210. JORDAN v. THE STATE.
### (462 SE2d 801)

BEASLEY, Chief Judge.

Jordan and Tuff were jointly indicted and tried for armed robbery (OCGA § 16-8-41) and aggravated assault (OCGA § 16-5-21). Jordan appeals his convictions.

Evidence was presented showing the following. A pizza delivery man was attacked with an aluminum baseball bat, robbed, and almost killed. The blows were to his head. The person to whose house the pizza was delivered testified that, on the night of the robbery, Jordan and two other men (Richardson and Tuff) came to his house. They had a baseball bat and said that they were going to rob the pizza man. Richardson testified that the robbery was committed by Jordan and Tuff. According to Tuff, Jordan made the phone call to the delivery man and hit him with the bat. Jordan made a statement to the police admitting his involvement in the robbery.

1. Jordan first complains of the trial court's denial of his chal-

lenge to the jury poll because of derogatory comments made by a prospective juror on voir dire.

In response to questioning by Tuff's attorney, the prospective juror indicated that she had already formed an opinion as to the guilt or innocence of the defendants. In response to questioning by the court, the prospective juror stated that although she had not known defendants previously, she had formed the opinion that they were guilty while sitting in court. The court excused this juror, gave cautionary instructions to the remaining members of the panel, and determined that none of them had been influenced by the excused juror's comment.

The juror's statement provides no ground for disqualifying the whole panel, because it was personal and was not "inherently prejudicial." *Frady v. State*, 203 Ga. App. 833, 834 (418 SE2d 114) (1992). The juror related no harmful information, as the basis for her opinion, which would infect the other jurors.

Moreover, the court's instructions removed any possible residual effect, as confirmed by the remaining prospective jurors themselves. This was precisely the situation in *Frady* and leads to the same conclusion: " '(s)ince there was no showing that the (statement) influenced the minds of (any member of) the jury prejudicially to appellant, the denial of appellant's (challenge to the poll) was not error. (Cits.)' [Cits.]" Id.

2. Jordan next contends that the trial court erred in not merging his aggravated assault conviction into his armed robbery conviction.

As acknowledged by the State, under Georgia law, the aggravated assault conviction merged as a matter of fact into the armed robbery conviction. OCGA §§ 16-1-6 (1); 16-1-7 (a). *Smith v. State*, 193 Ga. App. 208 (1) (387 SE2d 419) (1989); *Kelly v. State*, 188 Ga. App. 362, 363 (3) (373 SE2d 63) (1988). In the circumstances of this case, the bat was not used as a weapon to first accomplish the robbery and then to assault the victim. Although one participant said there were two blows, both preceded the taking and the bat was used directly only to effect the robbery; the victim was knocked unconscious and then deprived of money and the box containing food. The use of the weapon was used to, and did, facilitate the taking.

3. Finally, Jordan challenges the sufficiency of the evidence to support the verdict of armed robbery, but it meets the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed as to armed robbery. Judgment vacated as to aggravated assault. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 4, 1995.

*T. Mark Thedieck*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, A. Scott Gunn, Assistant District Attorneys*, for appellee.