A97A2473. LOFTUS v. THE STATE.
(497 SE2d 60)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of three counts of child molestation. The evidence adduced at trial reveals that defendant sexually molested his daughters (ages nine, seven and six at the time of trial) by touching the girls' private areas with his hands. All three victims testified and gave detailed accounts of the manner in which defendant committed the crimes charged.

Defendant filed this appeal after the trial court denied his motion for new trial. *Held*:

1. The trial court did not err in admitting diagrams of a man's nude body which a Department of Family & Children Services ("DFCS") investigator used during interviews with the nine-year-old victim and the seven-year-old victim. The diagrams are relevant

because, according to the DFCS investigator, these victims used the drawings to describe defendant's inappropriate behavior. See *Pittman v. State*, 178 Ga. App. 693 (2) (344 SE2d 511).

2. Defendant contends the trial court erred in failing to excuse the entire jury panel after a prospective juror, a respected physician in the community, tainted other prospective jurors by responding as follows during voir dire: "I don't think I can sit here three days. And I have a personal aversion to somebody who'd molest a little girl in that I have several granddaughters. And I just don't think I could sit through this. . . . I'm afraid I'd be too harsh."

"The inquiry is whether the remarks were '*inherently* prejudicial and deprived [defendant] of his right to begin his trial with a jury "free from even a suspicion of prejudgment or fixed opinion. . . ." (Cit.)' *Lingerfelt* [*v. State*, 147 Ga. App. 371, 372 (1), 373 (249 SE2d 100)]. If so, failure to excuse the entire panel constituted an abuse of the trial court's discretion. *Roberts v. State*, 259 Ga. 441 (2) (383 SE2d 872) (1989). Of course, where the facts establish only 'gossamer possibilities of prejudice,' *Snyder v. Mass.*, 291 U. S. 97, 122 (54 SC 330, 78 LE2d 674) (1934), prejudice is not inherent." *Callaway v. State*, 208 Ga. App. 508, 511-512 (2) (431 SE2d 143).

Because the prospective juror's remarks in the case sub judice did not amount to testimony branding defendant a criminal, we cannot say this prospective juror's statements prejudiced the rest of the panel. See id. Compare *Lingerfelt v. State*, 147 Ga. App. 371, 373 (1), supra, and *Moore v. State*, 156 Ga. App. 92, 93 (1) (274 SE2d 107). Consequently, since defendant has not otherwise shown that he was prejudiced by the prospective juror's comments, we affirm the trial court's decision to deny defendant's motion to excuse the jury panel. See *Pruitt v. State*, 176 Ga. App. 317 (1) (335 SE2d 724).

3. Contrary to defendant's third enumeration of error, the trial transcript authorizes the trial court's finding that there is sufficient indicia of reliability authorizing admission of the victims' out-of-court statements under OCGA § 24-3-16. See *Williams v. State*, 204 Ga. App. 878, 879 (3) (420 SE2d 781); *Gregg v. State*, 201 Ga. App. 238, 239 (3) (411 SE2d 65). The victims' out-of-court statements are not only consistent with their trial testimony, but each victim's description of the incident underlying the crimes charged remained consistent every time the respective child uttered her statement to an adult prior to trial. Further, the victims' voir dire testimony indicates that each victim has an appreciation for the nature and sanctity of truth, as well as the significance of a solemn oath; the victims' mother testified that she did not coach the children, and the testimony of the adult witnesses who reported the victims' out-of-court declarations indicates that the victims were neither stressed nor constrained to report the sexual wrongdoing which underlies the crimes charged.

Finally, the victims' out-of-court declarations all consistently report a single incident in which defendant sexually abused each victim — one after the other — while the other two children waited in a motel room bathroom. Under these circumstances, and since defendant was able to cross-examine each victim, the trial court did not err in admitting the victims' out-of-court statements against defendant. OCGA § 24-3-16; *Tidwell v. State*, 219 Ga. App. 233, 234 (1) (b) (464 SE2d 834).

4. Since the trial court properly charged the jury on elements relevant to resolving issues of credibility, we find no error in refusing to give defendant's request to charge the elements which are listed in *Williams v. State*, 204 Ga. App. 878, 879 (3), supra, and *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b), supra, for determining whether there is sufficient indicia of reliability for admission of child hearsay under OCGA § 24-3-16. See *Pruitt v. State*, 258 Ga. 583, 588 (13) (a) (373 SE2d 192).

5. Defendant's contention that the evidence is insufficient to sustain his convictions for child molestation is without merit. The victims' testimony alone is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790).

*Judgment affirmed. Beasley, J., concurs specially. Smith, J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

I concur fully in each division except Division 4. The reason it was not error to refuse to give to the jury defendant's Request to Charge No. 1 is that it presented to the jury a question which is reserved to the court itself. The reason is not, as the majority opinion rules, that the charge was unnecessary because the court properly charged on resolving issues of credibility.

Defendant sought to have the jury decide the reliability of the children's out-of-court statements. That issue concerns the admissibility of evidence and is not directed to its credibility or weight. Both cases cited by defendant in making his request, and by the majority in its opinion, illustrate this. *Williams v. State*, 204 Ga. App. 878, 879 (3) (420 SE2d 781) (1992), and *Gregg v. State*, 201 Ga. App. 238, 239 (3) (411 SE2d 65) (1991), examine whether the trial court erred in allowing the admission of the evidence for the jury to consider.

This is a threshold matter, and thus it would not be proper to require the jury to resolve it. The court must decide if the jury should have the evidence in the first place. That is precisely what the statute says: a child's statement about sexual contact or physical abuse "is admissible . . . if . . . the court finds that the circumstances of

the statement provide sufficient indicia of reliability." OCGA § 24-3-16.

DECIDED FEBRUARY 13, 1998.

*James A. Yancey, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, Margaret L. Knight, Assistant District Attorney*, for appellee.