## A00A1797. WILLIAMS v. THE STATE.
### (545 SE2d 669)

RUFFIN, Judge.

A jury found Andy Williams guilty of first degree forgery. In two enumerations of error, Williams contends that his due process rights were violated. First, he argues that the jury panel was tainted by the comments during voir dire of several prospective jurors. Second, he asserts that his character was improperly placed before the jury. Williams' assertions lack merit, and we affirm.

The record shows that, on July 29, 1995, Matthew Iseghohi was sleeping in his parked car when he heard someone reach in to take his car keys, and he awakened to find a gun pointed at his face. After struggling with the gunman, Iseghohi fled, and the gunman entered the car and drove away. Although the car eventually was recovered, some of Iseghohi's belongings were missing from the car, including several books of blank checks. On September 21, 1995, Williams was arrested while attempting to cash one of the checks at a Winn-Dixie store. Iseghohi was taken to Winn-Dixie, and he identified Williams as the gunman. Williams was charged with armed robbery and first degree forgery. At trial, Williams admitted to forging the check, but denied robbing Iseghohi. The jury acquitted Williams of the robbery charge and convicted him of forgery.

---

1. In his first enumeration of error, Williams contends that the trial court erred in failing to excuse the entire jury panel after three prospective jurors made prejudicial statements during voir dire. Specifically, one prospective juror stated that, having been the victim of an armed robbery, he could not be fair and impartial. When Williams' attorney asked if the juror would "want to know why [Williams] did this rather than whether or not he did this," the juror responded affirmatively. Another prospective juror said that she found Williams' attorney "silly, smug, slow and a poor listener" and that Williams himself looked "like he's been cleaned up from the street." The third prospective juror stated that, although he would decide the case based upon the evidence, he felt "like the guy's guilty." Although the trial court excused these three jurors for cause, Williams asserts that the entire panel should have been excused. We disagree.

In determining whether a trial court is required to excuse a jury panel for remarks made during voir dire, "[t]he inquiry is whether the remarks were *inherently* prejudicial and deprived [Williams] of [his] right to begin [his] trial with a jury free from even a suspicion of prejudgment or fixed opinion."[1] If so, then the trial court's failure to excuse the panel constitutes an abuse of discretion.[2]

Generally, dismissal of a jury panel is required when, during voir dire, a prospective juror relays information that is specific to the defendant and germane to the case for which the defendant is on trial.[3] Dismissal is not required, however, when the statements "establish only gossamer possibilities of prejudice."[4] Accordingly, we have held that dismissal is not required when a prospective juror stated that, although she did not know the defendants, she believed that they were guilty.[5] Also, we did not require dismissal when a prospective juror who knew the defendant stated that, based on what he had "found out" about him, he would not be able to be fair.[6]

Here, the statements made by the three prospective jurors were not inherently prejudicial. As no juror actually knew the defendant, their statements conveyed no information personal to him, but merely reflected their opinions. Moreover, the jurors' statements "did

---

[1] (Punctuation omitted; emphasis in original.) *Sharpe v. State*, 272 Ga. 684, 688 (5) (531 SE2d 84) (2000).

[2] *Callaway v. State,* 208 Ga. App. 508, 511-512 (2) (431 SE2d 143) (1993).

[3] See *Moore v. State*, 156 Ga. App. 92, 93 (1) (274 SE2d 107) (1980) (in arson case, prospective juror's statement that someone told him defendant was a "firebug" was inherently prejudicial); see also *Lingerfelt v. State*, 147 Ga. App. 371, 372 (1) (249 SE2d 100) (1978) (in rape case, prospective juror's statement that he had heard defendant was a "peeping tom" was inherently prejudicial).

[4] (Punctuation omitted.) *Sharpe*, supra.

[5] *Jordan v. State*, 218 Ga. App. 679, 680 (1) (462 SE2d 801) (1995).

[6] *Callaway*, supra.

not link [Williams] to other criminal violations on his part which were complete and separate from the offense for which he was being tried."[7] Thus, the trial court did not abuse its discretion in failing to dismiss the entire jury panel.[8]

2. On direct examination, Williams admitted to forging Iseghohi's check, but denied robbing him. According to Williams, at the time of the robbery, he was asleep at his aunt's house. Williams testified, "I was a drug user, and I used my money that I worked for to buy my drugs . . . and I never . . . come out of the house after I obtained my drugs, because that was not necessary." On cross-examination, the prosecutor asked Williams if he had ever "committed any crime in order to get more money?" Williams objected to the question and moved for a mistrial. Although the trial court sustained the objection, it denied the motion for mistrial. On appeal, Williams contends that the trial court erred in denying the motion for mistrial. Again, we disagree.

We review for manifest abuse of discretion a trial court's denial of a motion for a mistrial, and we will reverse only if a mistrial is essential to the preservation of the defendant's right to a fair trial.[9] Here, Williams freely admitted that he engaged in illegal conduct for years in taking "cocaine, acid, angel dust. You name it, I've basically tried it." Accordingly, we fail to see how one unanswered question regarding additional illegal conduct somehow undermined Williams' right to a fair trial. Thus, we cannot say that the trial court abused its discretion in denying Williams' motion. Moreover, we note that Williams was convicted of forgery only, and he admitted to this crime. Accordingly, even if the trial court had abused its discretion in failing to grant a mistrial, error, if any, would be harmless.[10]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2001 — 

*Zell & Zell, Rodney S. Zell*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

[7] *Roberts v. State*, 259 Ga. 441, 443 (2) (383 SE2d 872) (1989).
[8] See id.; *Jordan*, supra; *Callaway*, supra.
[9] *Crumpton v. State*, 244 Ga. App. 57, 59 (1) (a) (534 SE2d 809) (2000).
[10] See *Hartry v. State*, 270 Ga. 596, 599-600 (2) (512 SE2d 251) (1999).