# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 19, 2006 Session

## STATE OF TENNESSEE v. DAVID BOYD CONNER, JR.

**Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1684      Steve Dozier, Judge**

---

**No. M2005-01628-CCA-R3-CD - Filed December 5, 2006**

---

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. However, I disagree with the conclusion that the defendant's homosexual status was admissible. The defendant moved in limine to exclude this evidence, and the trial court ruled as follows:

> [I]f the discussion places into context the full [gist] of the statement . . . weighing these issues about drug usage or some on again, off again, homosexual experiences and how that explains or what did or did not happen with Mr. Wilson, I don't think the prejudicial effect of that mentioned in the large scheme of this case is outweighed by . . . the probative value, I think is present in terms of the intent, in terms of the defendant's defense, in terms of placing into context his explanation about his relationship with [the victim] and how that did occur and things of that nature, the probative value of that information is not outweighed by the prejudicial effect.

The trial court allowed the jury to view a redacted version of a videotape of the defendant's pretrial statement to an investigator. The investigator asked the defendant if he was homosexual, and the defendant confirmed that he was. After a period of questioning, the investigator on multiple occasions returned to the subject of the defendant's homosexuality and generally asserted that the defendant's claim of innocence was less probable because he had admitted he was a homosexual and was found in a child's bed with his pants unzipped. The majority holds that the trial court properly admitted evidence of the defendant's homosexuality because his attraction to males made his claim that he forgot to zip his pants less probable. The majority opinion relies on State v. Ronald Jennings, No. 247, Washington County (Tenn. Crim. App. Sept. 7, 1989), for the proposition that homosexuality is not a prior bad act, but rather, an evidentiary truth about a person. I believe that only begs the question whether the evidence is relevant and admissible.

In this regard, I do not believe the defendant's homosexuality made it more probable that he was a pedophile, but I think there was danger in the jury misusing the evidence to draw such a conclusion. The tape of the interview reflects that the investigating officer mentioned the defendant's sexual orientation repeatedly during the course of the interview. The defendant did not deny that he was a homosexual. The issue, though, was injected and revisited by the interviewing officer.

I believe the majority opinion's reliance on Ronald Jennings is misplaced. In that case, the male defendant was charged with sex crimes against a thirteen year old male victim. This court held that evidence of the defendant's homosexuality was relevant for cross-examination to show the defendant's intent and motive and that its probative value outweighed any "undue" prejudice. However, this court has subsequent, published authority which supports a contrary result. In State v. Tizard, 897 S.W.2d 732 (Tenn. Crim. App. 1994), a male physician was prosecuted for sexually assaulting a seventeen-year old male patient. This court considered whether evidence that the defendant possessed explicit materials of a homosexual nature and that the defendant's roommates might be bisexual was probative of whether the defendant was homosexual and relevant at trial. The court said that although the evidence might be probative of whether the defendant was homosexual, "the hurdle lies in attempting to translate this into further legitimate inferences which are sufficiently relevant to intent to commit a sexual battery upon the victim." The court held that the evidence should have been excluded because its probative value was "greatly attenuated" and the potential for prejudice outweighed its probative value under Tennessee Rule of Evidence 404(b). Tizard, 897 S.W.2d at 743-44.

Courts in other jurisdictions have considered the admissibility of evidence of a defendant's homosexuality in child sex abuse cases. Some courts have held that the evidence was relevant and admissible. See, e.g., Williams v. State, 420 S.E.2d 781, 782-83 (Ga. App. 1992) (holding that the trial court did not err in admitting evidence of the defendant's bisexuality "to prove intent, motive, plan, scheme and bent of mind" in prosecution for sexual abuse of a child of the same sex.) Other courts, though, have held the evidence was relevant but inadmissible. See, e.g., Blakeney v. State, 911 S.W.2d 508, 515 (Tex. Crim. App. 1995) (holding that defendant's pre-arrest statement to investigators that he was bisexual/homosexual was relevant but inadmissible because its introduction "could only serve to send to the jury the message that all homosexual men are also molesters of little boys"). Still other courts have held the evidence was irrelevant. See, e.g., State v. Bates, 507 N.W.2d 847 (Minn. App. 1993) (holding that defendant's "interest" in young children was relevant to prove whether element of crime was present in face of defendant's claim any touching was accidental, but evidence of defendant's homosexuality was irrelevant and prejudicial; "The belief that homosexuals are attracted to prepubescent children is a baseless stereotype."); State v. Ellis, 820 S.W.2d 699, 702 (Mo. App. 1991) ("It is no more reasonable to assume that a preference for same gender adult sexual partners establishes a proclivity for sexual gratification with same gender children than it is to assume that preference for opposite gender adult sexual partners establishes a proclivity for sexual gratification with opposite gender children."); State v. Crotts, 820 N.E.2d 302, 306 (Ohio 2004) (holding that "evidence of homosexuality is not relevant to establish pedophilia").

In any event, I believe <u>Tizard</u> is controlling in this case.  However, I do not conclude that admission of the evidence more probably than not affected the verdict.  <u>See</u> T.R.A.P. 36(b).

_____
JOSEPH M. TIPTON, PRESIDING JUDGE